IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANINE SHERIDAN, Individually and
On Behalf of All Others Similarly Situated                      PLAINTIFF

v.                          Case No. 4:21-cv-1124-LPR

PACC SENIOR CARE, LLC
D/B/A HOME INSTEAD SENIOR CARE                                  DEFENDANT

## CLASS AND COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff Janine Sheridan ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Chris Burks of WH Law, PLLC, and for her Original Complaint—Class and Collective Action against Defendant PACC Senior Care, LLC d/b/a Home Instead Senior Care ("Defendant"), she does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.  This is a class action and a collective action brought by Plaintiff Janine Sheridan individually and on behalf of all other caregiver employees employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2.  Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other caregiver employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

This case assigned to District Judge Rudofsky
and to Magistrate Judge Ray

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Western Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to overtime wage violations alleged in this Complaint reside in this District.

10. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenge are located in this District.

## III. THE PARTIES

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiff is a resident and citizen of Pulaski County.

13. Plaintiff Janine Sheridan was employed by Defendant as a caregiver within the three years relevant to this lawsuit.

14. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under the FLSA and AMWA.

15. Defendant PACC Senior Care, LLC d/b/a Home Instead Senior Care is a limited liability company, registered and licensed to do business in the State of Arkansas.

16. Defendant PACC Senior Care, LLC d/b/a Home Instead Senior Care's registered agent for service of process in Arkansas is Paul Fry, located at 7 Beaverfork Rd., Conway, AR 72032.

17. Defendant PACC Senior Care, LLC d/b/a Home Instead Senior Care is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

18. Defendant PACC Senior Care, LLC d/b/a Home Instead Senior Care provides in-home non-medical care for elderly adults, including providing assistance with dressing, bathing, and other daily activities.

19. During the time period relevant to this case, Plaintiff was employed by Defendant PACC Senior Care, LLC d/b/a Home Instead Senior Care as an in-home care provider called a caregiver.

20. Defendant PACC Senior Care, LLC d/b/a Home Instead Senior Care has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

21. Within the past three (3) years preceding the filing of this Complaint, Defendant continuously employed at least four employees, including Plaintiff.

22. Defendant PACC Senior Care, LLC d/b/a Home Instead Senior Care's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this complaint.

## IV.   FACTUAL ALLEGATIONS

23. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

24. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as an in-home care provider called a caregiver.

25. Plaintiff was hired by Defendant in November 2018 and worked for Defendant continuously until March 2020.

26. Defendant directly hired Plaintiff and other in-home care provider caregivers, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

27. Plaintiff and other in-home caregivers traveled to the homes of Defendant's clients to provide non-medical services such as bathing, dressing, prescription pick-up, incontinence care, and assistance with other activities of daily living.

28. Plaintiff was originally hired by Defendant as an hourly-paid caregiver. Plaintiff was later paid a flat day rate. When paid a day rate, neither Plaintiff nor those similarly situated received an overtime premium payment for hours over forty in a weekly pay period.

29. Plaintiff and similarly-situated in-home care providers regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

30. It was Defendant's commonly applied policy to not pay Plaintiff and similarly situated home care providers for all of the hours they worked providing services at the homes of Defendant's clients.

31. When the next scheduled care provider was late for a shift, Plaintiff and similarly situated in-home care providers were required to remain with their client. They were not paid for the additional time they spent waiting for the next care provider to show up after their scheduled shift had ended.

32. Additionally, it was Defendant's commonly applied policy to not pay Plaintiff and similarly situated in-home care providers for the time they spent traveling between the homes of Defendant's clients.

33. Plaintiff and similarly situated in-home care providers were regularly scheduled for more than one client per day, which required them to drive from one client's home to another.

34. As a result of this non-paid driving time between client's homes and the non-paid shift change overtime, Plaintiff and similarly situated in-home care providers were not paid a lawful

minimum wage for all hours worked up to forty (40) in one week or one and one-half (1.5) times their regular rate for all hours in excess of forty (40) in a week.

35. Plaintiff and similarly situated in-home care providers were required to drive their personal vehicles in the course of their employment.

36. Plaintiff and similarly situated in-home care providers did not receive mileage reimbursement for time spent driving between the homes of Defendant's clients.

37. The IRS rates for mileage for the relevant time period are as follows:

2018: 54.5 cents/mile
2019: 58 cents/mile
2020: 57.5 cents/mile

38. 29 U.S.C. § 531.53 states, "the wage requirements of the [FLSA] will not be met where the employee kicks-back directly or indirectly to the employer... the whole or part of the wage delivered to the employee."

39. Because Defendant failed to reimburse Plaintiff and other similarly situated in-home care providers for mileage, Plaintiff and other similarly situated in-home care providers consistently "kicked-back" the cost of mileage to Defendant, which led to additional minimum wage and overtime violations.

40. During part of the three years prior to the filing of this lawsuit, Plaintiff and other similarly situated in-home care providers were paid a "day rate" or per diem for twenty-four-hour shifts providing home care to clients.

41. During these twenty-four-hour shifts, Plaintiff and other similarly situated in-home care providers worked at the clients' homes, providing assistance with bathing, dressing, incontinence care, and other personal care activities.

42. Defendant effectively treated Plaintiff and other similarly situated in-home care providers as salaried non-exempt employees, paying a flat rate for each twenty-four-hour shift.

43. As a result of Defendant's payment of a flat rate for these twenty-four-hour shifts, Plaintiff and other similarly situated in-home care providers were not paid a lawful minimum wage for all hours worked up to forty (40) in one week or one and one-half (1.5) times their regular rate for all hours in excess of forty (40) in a week.

44. Plaintiff and other in-home care providers were and are entitled to a lawful minimum wage for all hours worked under forty (40) per week and overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a week.

45. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other in-home care providers violated the FLSA and AMWA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

### A.   FLSA § 216(b) Class

46. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

47. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

48. Plaintiff brings her FLSA claims on behalf of all hourly-paid employees employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

    A.       Minimum wage for all hours worked;

    B.       Regular wages and overtime premiums for all hours worked over forty hours in any week;

    C.       Liquidated damages; and

    D.       Attorneys' fees and costs.

49.      The relevant time period dates back three years from the date on which Plaintiff's Class and Collective Action Complaint was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

50.      The members of the proposed FLSA Collective are similarly situated in that they share these traits:

    A.       They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

    B.       They recorded their time in the same manner;

    C.       They were paid hourly or they were paid a flat rate for 24-hour shifts providing in-home care to patients;

    D.       They were not reimbursed for mileage costs; and

    E.       They were subject to Defendant's common policy of denying pay for all hours worked, including overtime pay for some hours worked over forty (40) per week.

51.      Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 200 persons.

52.      Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses, and phone numbers of the FLSA

collective action Plaintiff are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action Plaintiff via first class mail, email, and text message to their last known physical addresses, electronic mailing addresses, and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B. AMWA Rule 23 Class

53. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

54. Plaintiff proposes to represent the class of hourly-paid employees who are/were employed by Defendant within the relevant time period within the State of Arkansas.

55. Common questions of law and fact relate to all members of the proposed class, such as whether Defendant paid the members of the proposed class for all hours worked, including minimum wage and overtime in accordance with the AMWA.

56. Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

57. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair

competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

58. Plaintiff is unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds 200 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

59. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

60. Concentrating the litigation in this forum is highly desirable because Defendant is based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

61. No difficulties are likely to be encountered in the management of this class action.

62. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as hourly-paid employees for Defendant and experienced the same violations of the AMWA that all other class members suffered.

63. Plaintiff and her counsel will fairly and adequately protect the interests of the class.

64. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

65. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

66.  Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

67.  29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

68.  During the period relevant to this lawsuit, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

69.  Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours in each one-week period.

70.  Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's acts of failing to pay for shift change overtime, failing to pay for drive time between clients' homes, and paying a flat rate for twenty-four-hour shifts worked in clients' homes.

71.  Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

72.  By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

73. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

74. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

75. Plaintiff brings this collective action on behalf of all caregiver employees employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

76. Plaintiff bring this action on behalf of herself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

77. During the period relevant to this lawsuit, Defendant classified Plaintiff and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA.

78. Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

79. Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's acts of failing to pay for shift change overtime, failing to pay for drive time between clients' homes, and paying a flat rate for twenty-four-hour shifts worked in clients' homes.

80. In the past three years, Defendant has employed hundreds of caregiver employees.

81. Like Plaintiff, these caregiver employees regularly worked more than forty (40) hours in a week.

82. Defendant failed to pay these workers at the proper overtime rate and an overtime rate.

83. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **Each caregiver employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week.**

84. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

85. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

86. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

87. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

88. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

89. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

90. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

91. Defendant failed to pay Plaintiff all overtime wages owed as required under the AMWA.

92. Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's acts of failing to pay for shift change overtime, failing to pay for drive time between clients' homes, and paying a flat rate for twenty-four hour shifts worked in clients' homes.

93. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

94. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

95. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

96. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

97. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

98. At all relevant times, Defendant has been and continues to be the "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

99. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

100. Defendant failed to pay Plaintiff and members of the proposed class all overtime wages owed as required under the AMWA.

101. Plaintiff proposes to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff, which may be defined as follows:

> **Each caregiver Arkansas employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week.**

102. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

103. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

104. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Janine Sheridan, individually and on behalf of all others similarly situated respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A) That Defendant be required to account to Plaintiff, the class, and collective members, and the Court for all of the hours worked by Plaintiff and the class and collective members and all monies paid to them;

(B) A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C) A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E)     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(F)     Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(G)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(H)     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(I)     An order directing Defendant to pay Plaintiff and members of the class and collective pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

(J)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Janine Sheridan, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By:  *Chris Burks*
Chris Burks (ABN: 2010207)
chris@wh.law